O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLY LONG, Plaintiff, vs. MICHAEL J. ASTRUE, Commissioner of Social Security, Defendant. | Case No. EDCV 12-270 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

The Court now rules as follows with respect to the one disputed issue listed in the Joint Stipulation, which is directed to the determination of the Administrative Law Judge ("ALJ") that plaintiff was able to return to her past relevant work, based on the testimony of the vocational expert ("VE") that a person with plaintiff's residual functional capacity ("RFC") was able to perform the job of fast food worker.[1]

The Ninth Circuit has held that, before an ALJ concludes that a claimant is able

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

to return to past relevant work, the ALJ must make "specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." See Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2011) (citing Social Security Ruling ("SSR") 82-62). With respect to the physical and mental demands of past relevant work as it is generally performed in the national economy, the best source of information is usually the Dictionary of Occupational Titles ("DOT"). See Pinto, 249 F.3d at 845; see also Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995); 20 C.F.R. § 416.966(d). Moreover, "[i]n order for an ALJ to accept vocational expert testimony that contradicts the Dictionary of Occupational Titles, the record must contain 'persuasive evidence to support the deviation.'" See Pinto, 249 F.3d at 846 (quoting Johnson, 60 F.3d at 1435).

Here, plaintiff claims that the VE's testimony contradicts the demands set out in the relevant DOT description (DOT No. 311.472-010: Fast-Foods Worker) in two respects. (See Jt Stip at 3-5.) First, plaintiff notes that, while her RFC (as assessed by the ALJ) limits her to "frequent" reaching and handling, the job of Fast-Foods Worker as described in DOT No. 311.472-010 requires "constant" reaching and handling. (See Jt Stip at 4-5.) An activity is "frequent" if it exists one-third to two-thirds of the time, and it is "constant" if it exists two-thirds or more of the time. See DOT No. 311.472-010; see also Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, Appendix C. The Court agrees that this constitutes a contradiction between the VE's testimony and the DOT. See generally Hulsey v. Astrue, 622 F.3d 917, 924 (8th Cir. 2010) (difference between "constant" and "frequent" activity was dispositive of whether plaintiff's restriction was consistent with VE testimony).[2] Moreover, the record does not contain any

---

[2] The Commissioner disagrees that there was a contradiction between the (continued...)

evidence, much less persuasive evidence, to support the deviation. See Pinto, 249 F.3d at 846.

Second, plaintiff contends that her RFC limitation to "no repetitive movement involving partial or 75% of her range of motion of the head/neck" is inconsistent with the Fast-Foods Worker job requirement of repetitive head/neck movements in work activities such as handling foods from shelves, trays, and takeout bags. (See Jt Stip at 5.) Although the DOT does not expressly state whether it is possible to perform the job of Fast-Foods Worker with a limitation in moving one's head/neck, the Court finds that the various activities listed in the job description suggested a potential inconsistency with the VE's testimony that warranted further inquiry. See Cooley v. Astrue, 2011 WL 2554222, at *5 (C.D. Cal. June 27, 2011) ("[B]ecause the DOT is silent with respect to neck motion limitations – limitations which the ALJ found plaintiff to have – and there could be a potential inconsistency between the vocational expert's testimony and the DOT, further inquiry on remand may be appropriate."); see generally Valenzuela v. Astrue, 2009 WL 1537876, at *3 (N.D. Cal. June 2, 2009) (explaining that the DOT's silence with respect to a particular limitation does not eliminate possibility of conflict between VE's testimony and DOT but could still suggest a potential inconsistency sufficient to warrant inquiry) (citing Massachi v. Astrue, 486 F.3d 1149, 1151 (9th Cir. 2007)).

---

[2](...continued)
VE's testimony and the DOT based on Hernandez v. Astrue, 2012 WL 4840692, at *1 (C.D. Cal. Sept. 4, 2012), in which the court affirmed the ALJ's denial of benefits after observing that the difference between "frequent" and "constant" is "not that great." (See Jt Stip at 7-8.) However, in Hernandez, the court found dispositive the fact that the claimant was not limited entirely to frequent handling and reaching, but could perform "continuous" reaching and handling (i.e., even more than constant reaching and handling) with one of his hands. By way of contrast, plaintiff is limited to frequent handling and reaching with both of her hands, so the reasoning of Hernandez does not apply here.

Finally, the Court will address the Commissioner's contention that, even if there was a conflict between the VE's testimony and the DOT that might support an inference that plaintiff was unable to return to her past relevant work as "generally" performed, such conflict does not call into question the ALJ's determination that plaintiff was able to return to her past relevant work as "actually" performed. (See Jt Stip at 8; see also AR 18.)

The determination of whether a claimant is capable of performing past relevant work properly may be based on **either** the past relevant work as performed by the claimant **or** the past relevant work as generally performed in the national economy. See, e.g., Pinto, 249 F.3d at 845 ("We have never required explicit findings . . . regarding a claimant's past relevant work both as generally performed **and** as actually performed.") (emphasis in original); Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993); Sanchez v. Secretary of Health and Human Svs., 812 F.2d 509, 511 (9th Cir. 1987). Moreover, the Commissioner is correct that "the burden of proof lies with the claimant [to demonstrate that she can no longer perform her past relevant work]." See Pinto, 249 F.3d at 844. However, "the ALJ still has a duty to make the requisite factual findings to support his conclusion." See id. This includes a duty to adequately document the physical and mental demands of a claimant's past relevant work as actually performed. See SSR 82-62 at *3 ("Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate."). Sources of information about the requirements of past relevant work as actually performed may include a properly completed vocational report and plaintiff's own testimony. See Pinto, 249 F.3d at 845-46; SSR 82-61 at *2; SSR 82-41 at *4. In this case, the ALJ failed to adequately document, through either a properly completed vocational report or plaintiff's own testimony, the physical and mental demands of plaintiff's past relevant work as actually performed. Accordingly,

the Court finds that substantial evidence does not support the ALJ's determination that plaintiff was able to return to her past relevant work as actually performed.

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

The Court has concluded that this is not an instance where no useful purpose would be served by further administrative proceedings; rather, additional administrative proceedings still could remedy the defects in the ALJ's decision.

Accordingly, IT IS HEREBY ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[3]

DATED: November 8, 2012

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[3] It is not the Court's intent to limit the scope of the remand.